UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :    Case No. 24-cr-245-1 (JEB) |
| | : |
| ANTONIO LUCAS, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. For the reasons herein, the Government requests that the Court sentence the defendant to 96 months of incarceration, impose a period of three years of supervised release, and enter the Consent Order of Forfeiture signed by the parties.

**I.    SENTENCING FACTORS**

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553.[1] *See Gall v. United States*, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. *See Spanziano v. Florida*, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949). Further, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments. *See*

---

[1] The Government believes the Pre-Sentence Report (PSR) correctly states that the defendant's Guideline range is 87-108 months.

18 U.S.C. § 3553(a)(6).

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set forth in the plea proffer, this case arises from a long-term Metropolitan Police Department (MPD) investigation into narcotics and firearms trafficking. After being introduced by a third party, a MPD Undercover Officer (UC) met with defendant Antonio Lucas on multiple occasions. Generally, the UC would call or text defendant Lucas and the two would then meet so that the UC could purchase narcotics (usually one ounce at a time) from Lucas. Over the course of several controlled purchases, between August 2023 and February 2024, defendant Lucas sold the UC fentanyl, fluorofentanyl, and other narcotics whose converted drug weight is 737 kilograms. Defendant Lucas also sold the UC two firearms during this same time frame.

## III. SECTION 3553 FACTORS

As noted above, after calculating and consulting the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). The Government addresses the relevant factors in this case below.

### A. Nature and Circumstances of the Offense

The nature of this offense is undoubtedly serious. The defendant repeatedly distributed narcotics including cocaine base, fentanyl, and fentanyl analogue to the UC. He also arranged the sale of two firearms to the UC. His illegal conduct spanned several months from August 2023 through March 2024 so this was not a one-time indiscretion by the defendant.

Further, as the Court knows, fentanyl is an extremely lethal drug. Two milligrams of fentanyl can be fatal. *See United States v. Glasgow*, 2021 WL 2403136 at *7 (D.D.C.) (Lamberth, J.). According to the DEA, "[f]entanyl is a Schedule II controlled substance that is similar to

2

morphine but about 100 times more potent. . . . Because of its potency and low cost, drug dealers have been mixing fentanyl with other drugs including heroin, methamphetamine, and cocaine, increasing the likelihood of a fatal interaction. . . . Two milligrams of fentanyl can be lethal depending on a person's body size, tolerance and past usage."[2] According to the Centers for Disease Control, D.C. ranked number one in the nation for drug overdose deaths, based on the age-adjusted rate of deaths per 100,000 persons in 2021. For opioid overdose deaths specifically in 2021, D.C. ranked number two in the nation, trailing just behind West Virginia by 7%.[3] In 2022, D.C. had a record 448 opioid overdose deaths – on average, 37 opioid overdose deaths per month.[4] This is up from 427 in 2021, and 411 in 2020, according to the city's medical examiner. Six out of ten fentanyl-laced fake prescription pills analyzed contain a potentially lethal dose of fentanyl.[5] Accordingly, the Government views this as a serious offense that is deserving of a lengthy sentence.

### B. Deterrence and the Need to Protect the Public

As noted above, the defendant illegally possessed and sold two firearms to the UC. His possession of these weapons was an inherently dangerous act that placed the community at risk. *See, e.g.*, *United States v. Gassaway*, No. 21-CR-550 (RCL), 2021 WL 4206616, at *3 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is

---

[2] https://www.dea.gov/resources/facts-about-fentanyl
[3] https://www.wusa9.com/article/news/local/dc-health-advocates-urge-mayor-to-declare-opioid-crisis-a-public-health-emergency/65-8cad9abd-af25-4013-bcb1-51e8e67dfa84; https://www.cdc.gov/drugoverdose/fatal/dashboard/index.html
[4] https://www.wusa9.com/article/news/local/dc-health-advocates-urge-mayor-to-declare-opioid-crisis-a-public-health-emergency/65-8cad9abd-af25-4013-bcb1-51e8e67dfa84; https://www.washingtonpost.com/dc-md-va/2023/04/04/dc-vending-machine-opioids-narcan/
[5] https://www.dea.gov/onepill

dangerous to the public); *United States v. Howard*, No. 20-MJ-181 (BAH), 2020 WL 5642288, at *2–3 (D.D.C. Sept. 21, 2020) (making same observation); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence"). Accordingly, the Government believes a substantial sentence is necessary for purposes of deterrence.

### C. History and Characteristics of the Defendant

In considering the defendant's history and characteristics, the Government must acknowledge that he accepted responsibility for his own actions in this case. The Government also acknowledges that very early on in the case the defendant, through counsel, indicated that he hoped to reach a plea agreement with the Government.

The Government finds his criminal history troubling, however. The defendant has eight prior adult criminal convictions. He also has thirteen other arrests as an adult in cases that were dismissed or will be dismissed as part of the plea agreement (PSR at 16-22). To be fair, many of these prior arrests were for minor offenses. However, he also was arrested for multiple gun offenses, including two shooting cases in which the victims chose not to testify (PSR at 20 and 22). Finally, the Government notes that, when he was 30 years old, the defendant was found guilty of serious gun and drug case in Superior Court (PSR at 12). Despite receiving a ten year sentence in that case—a long sentence for a non-violent offense in Superior Court--he continued to sell narcotics and to illegally possess firearms. *See, e. g., Qualis v. United States*, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005 ) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and to deter future misconduct, to note the length of any previous sentences imposed.").

4

The defendant is 47 years old. He has not completed his GED. The Government can only hope that he will take advantage of treatment programs and vocational training programs available to him in the BOP in hopes of rehabilitation.

### D. Need to Avoid Sentencing Disparities

A sentence within the Guidelines will generally avoid unwanted sentencing disparities among defendants who have committed similar crimes. Indeed, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Otunyo*, 63 F.4th 948, 960 (D.C. Cir. 2023) (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009).

### IV. CONCLUSION

For the reasons stated herein, the Government requests that the Court impose a sentence of 96 months on Count Fourteen. The Government will move to dismiss the remaining counts of the indictment and his pending Superior Court case at sentencing pursuant to the plea agreement. Finally, the Government will submit a Consent Order of Forfeiture as to the firearms in this case.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY

BY:    _____/s/_____
NIHAR MOHANTY
Assistant United States Attorney
D.C. Bar Number 436686
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-7700
Email: Nihar.Mohanty@usdoj.gov